# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON JERNIGAN<br>633 Riden Street<br>Odenton, MD 21113 | * * * * | |
| Plaintiff | * * | **COMPLAINT** |
| v. | * * | **JURY TRIAL DEMANDED** |
| CYBRARY, INC.<br>5801 University Research Court<br>Suite 150<br>College Park, MD 20740 | * * * * | |
| *Serve on*: | * * | |
| Ralph P. Sita, Jr.<br>7833 Walker Drive<br>Suite 510<br>Greenbelt, MD 20770 | * * * * * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PRELIMINARY STATEMENT

1.     Plaintiff JASON JERNIGAN ("Jernigan") is a deaf individual studying for a career in cybersecurity. CYBRARY, INC. ("Defendant") offers online training courses on cybersecurity to the public. The vast majority of the online training course materials are not captioned. As a result of the lack of captioning, Jernigan is unable to access the aural information communicated in the online training courses, or to benefit fully and equally from the training courses. Defendant's conduct violates Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

2. Jernigan brings this action to compel Defendant to cease unlawful discriminatory practices and implement captioning and policies and procedures that will ensure effective communication, full and equal enjoyment of all that Defendant offers members of the public, and a meaningful opportunity to participate in and benefit from all their online training courses. Jernigan seeks declaratory and injunctive relief as well as damages, reasonable attorneys' fees, and costs.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Defendant resides within the jurisdiction of this district, and a substantial part of the events that give rise to the claims occurred in this district.

## PARTIES

5. Jason Jernigan resides at 633 Riden Street, Odenton, MD 21113.

6. Defendant Cybrary, Inc. is headquartered at 5801 University Research Court, Suite 150, College Park, MD 20740. Defendant's resident agent is Ralph P. Sita, Jr., 7833 Walker Drive, Suite 510, Greenbelt, MD 20770.

## FACTUAL ALLEGATIONS

7. Defendant is a place of public accommodation that offers training courses related to professional purposes to the public and is subject to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

8. Upon information and belief, Defendant is a recipient of federal financial assistance from the Department of Defense and is therefore subject to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

9. Jernigan is deaf.

10. Jernigan is substantially limited in the major life activity of hearing.

11. Because Jernigan is deaf, clear and accurate captioning of videos is necessary to enable him to access aural information and fully benefit from the online training courses.

12. Defendant maintains websites with archives of educational videos and online training courses about cyber security, including videos and courses that Defendant created and developed for its websites.

13. Since 2017, Jernigan has repeatedly requested that Defendant caption their videos for an online training course.

14. Despite receipt of Jernigan's requests, Defendant have still not captioned their video content.

15. On or about December 4, 2018, the National Association of the Deaf sent a letter to Defendant requesting that Defendant caption all their training courses and content to ensure that Jernigan has full and equal access to the training courses Defendant provides.

16. Defendant never responded to the letter from the National Association of the Deaf.

17. As a result of Defendant's failure to caption the training videos, Jernigan is and continues to be deprived of an opportunity equal to that of other patrons to the full and equal enjoyment of Defendant's online training courses.

18. Jernigan continues to be interested in participating in Defendant's training courses but will not have full and equal enjoyment unless Defendant captions the videos in the course material.

### **COUNT I: TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

19. Jernigan repeats and realleges all paragraphs in this Complaint in support of this claim.

20. Jernigan is substantially limited in the major life activity of hearing and is therefore an individual with a disability within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(2).

21. Defendant owns, leases, and/or operates a place of public accommodation within the meaning of the ADA, 42 U.S.C. § 12181(7).

22. Title III of the ADA further applies to "[a]ny person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes . . ." 42 U.S.C. § 12189.

23. Title III of the ADA prohibits discrimination on the basis of disability in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any places of public accommodations . . ." 42 U.S.C. § 12182(a).

24. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation cannot deny participation or offer an unequal or separate benefit to an individual with disabilities. 42 U.S.C. § 12182(b)(1)(A) and (B); 28 C.F.R. §§ 36.202; 36.203.

25. Title III of the ADA further defines discrimination to include "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the

absence of auxiliary aids and services." A public accommodation must make reasonable modifications to its policies, practices, or procedures when necessary to ensure full and equal access for people with disabilities.  42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.302(a).

26.     Defendant has and continues to discriminate against Jernigan on the basis of his disability by denying him full and equal enjoyment of the services, programs, and benefits the Defendant offers to other individuals, and by refusing to reasonably modify its policies, practices, or procedures, in violation of Title III of the ADA.

27.     Jernigan still wishes to take courses through Defendant and would do so if the courses were offered in an accessible format, but he is deterred from doing so because of the discrimination he has faced.

## COUNT II: SECTION 504 OF THE REHABILITATION ACT

28.     Jernigan repeats and realleges all paragraphs in this Complaint in support of this claim.

29.     Jernigan is substantially limited in the major life activity of hearing and is therefore a qualified individual with a disability within the meaning of Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. § 705(20).

30.     During all relevant times, Defendant is and has been a private organization which receives federal financial assistance.

31.      Section 504 of the Rehabilitation Act provides: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

32. Defendant has intentionally discriminated against Jernigan on the basis of his disability by denying him meaningful access and an equal opportunity to participate in and benefit from Defendant's training courses in violation of section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

33. Jernigan still wishes to take courses provided by Defendant and would do so if the courses were offered in an accessible format, but he is deterred from doing so because of the discrimination he has faced.

## **RELIEF**

WHEREFORE, Plaintiff Jason Jernigan respectfully requests that this Court provide the following relief:

(a) Issue a declaration that Defendant's policies, procedures and practices have subjected Jernigan to discrimination in violation of Title III of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act;

(b) Enjoin Defendant from implementing or enforcing any policy, procedure or practice that denies individuals who are deaf, such as Jernigan, full an equal enjoyment and an opportunity equal to that of hearing individuals to participate in and benefit from Defendant's programs activities, and services regardless of disability;

(c) Order Defendant to develop and comply with written policies, procedures, and practices to ensure that Defendant does not discriminate in the future against Jernigan and other similarly situated individuals who are deaf;

(d) Order Defendant to caption all videos and courses online;

(e) Order Defendant to train all representatives and employees about Jernigan's rights and the rights of individuals who are deaf, as well as provide training on Defendants polices and procedures;

(f) Order Defendant to list on its website Defendant's procedures and policies for complying with the Americans with Disabilities Act and Section 504 of the Rehabilitation Act;

(g) Award damages pursuant to Section 504;

(h) Award reasonable costs and attorneys' fees;

(i) Award any and all other relief that this Court finds necessary and appropriate

## JURY DEMAND

Plaintiff hereby demands that this action be tried before a jury.

Respectfully submitted,

/s/ Mary C. Vargas

Mary C. Vargas
STEIN & VARGAS, LLP
10 G Street NE, Suite 600
Washington, DC 20002
T: (202) 248-5092
F: (888) 778-4620
mary.vargas@steinvargas.com

Marc Charmatz
NATIONAL ASSOCIATION OF THE DEAF
Law and Advocacy Center
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
T: (301) 587-7732
F: (301) 587-1791
marc.charmatz@nad.org

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands that this action be tried before a jury.

s/Mary C. Vargas
Mary C. Vargas

Date: October 3, 2019